Michael F. Campillo – 019014
docketing@vclmlaw.com
VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.
1938 East Osborn Road
Phoenix, Arizona 85016
Telephone: (602) 631-9100

*Attorneys for Plaintiff.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| HAO CHEN, an individual and citizen of China, <br><br> Plaintiff, <br><br> vs. <br><br> JAGEX LIMITED, limited company incorporated under the laws of England and Wales, <br><br> Defendant; | No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> JURY TRIAL REQUESTED |

Plaintiff, HAO CHEN, hereby seeks declaratory relief, as set forth below, to establish that his registration and use of the domain name, gold4rs.com, is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("the Act") and alleges as follows:

<u>PARTIES</u>

1.  Plaintiff, Hao Chen, (hereinafter referred to as "CHEN" or "Plaintiff") is a Chinese National residing in China, with his principal place of business at Tian Zhi Lu 19, Hefei, Anhui, 23001 China.

2.  Defendant, Jagex Limited, (hereinafter referred to as "JAGEX") is a limited company incorporated under the laws of England and Wales, with its principal offices at St John's Innovation Centre, Cowley Road, Cambridge CB4 0WS, UK.

- 1 -

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff seeks a declaration, pursuant to 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that the registration and use of the domain name gold4rs.com is not unlawful under the Act. Additionally, Jagex submitted to the jurisdiction of this Court when it initiated an administrative proceeding with the World Intellectual Property Organization ("WIPO") Arbitration and Mediation Center (hereinafter "the Center") concerning Plaintiff's rights regarding the disputed domain name.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. Additionally, Jagex submitted to the jurisdiction of this Court when it initiated an administrative proceeding with the Center concerning Plaintiff's rights regarding the disputed domain name.

## FACTS

5. Since 2001, Defendant Jagex has operated a game known as RuneScape® at domain name www.runescape.com. RuneScape® is a massive multiplayer online game ("MMOG").

6. Plaintiff registered the gold4rs.com domain name on March 19, 2006 with the Registrar, GoDaddy.com, Inc., who has a principal place of business in this forum at 1455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260.

7. Plaintiff selected its domain name to describe its business – selling gold in the video game Runescape® - in order to obtain a higher ranking in search engine results.

8. Since registering the domain name, Plaintiff has provided services to players on the RuneScape® games by selling in-game gold, the currency of the RuneScape® game, to end-user players, as well as in-game items, such as capes, swords, and dragon

claws, in-game help, and power leveling, which allows end-users to pay Plaintiff to increase the level of their RuneScape® characters.

9. Plaintiff has served numerous customers, many of whom have left positive reviews of Respondent's websites. As such, Plaintiff has become known as a safe and reliable provider of RuneScape® related services.

10. On May 22, 2006, and after Plaintiff registered the domain name at issue in suit, Jagex filed a Community Trade Mark 5122916 for the term "RS" in class 41 which was subsequently registered.

11. On June 6, 2011, Jagex filed an administrative complaint with the Center under the ICANN Uniform Domain Name Dispute Resolution Policy. In its complaint, Jagex claimed that Plaintiff's gold4rs.com domain name (along with three (3) other domain names) violated Jagex's registered trademark for RS and RuneScape®.

12. Though Jagex claimed during the administrative hearing that it had used RS as a common law mark since as early as 2003, Jagex did not submit evidence illustrating such use. Instead, Plaintiff submitted evidence from its website dated with edits as recent as 2010.

13. Jagex further submitted evidence of a 2010 Google® search for "RS", where "RS" being associated with RuneScape® was found on the first page of the Google search, yet no proof was provided to illustrate that an association existed between "RS" and RuneScape® prior to the filing of the gold4rs.com domain name in 2006 let alone when Jagex began using "RS" in association with RuneScape®.

14. By decision on the single judge panel, dated August 9, 2011, the Center issued a decision directing that the disputed domain name be transferred to Jagex.

COUNT I
DECLARATION UNDER ANTICYBERSQUATTING
CONSUMER PROTECTION ACT

15. Plaintiff realleges and incorporates by reference herein paragraphs 1-14.

16. A dispute exists between Hao Chen and Jagex as to Plaintiff's right to register and use the gold4rs.com domain name. Accordingly, an actual and justifiable controversy exists between the parties.

17. In registering and using www.gold4rs.com, Plaintiff did not have a bad faith intent to profit from Jagex's trademark as required by 15 U.S.C. § 1125(d)(1)(A)(i) for a violation thereunder, a fact further borne out by Plaintiff registering golds4rs.com prior to Jagex filing a trademark application.

18. Plaintiff believed and had reasonable grounds to believe that his registration and use of the domain name gold4rs.com was a fair use or otherwise lawful use, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii) in that Plaintiff was unaware of any use by Jagex of its alleged trademark for RS.

19. The disputed domain name, gold4rs.com, is not identical, confusingly similar to, or dilutive of Jagex's RS Community Trademark as required under 15 U.S.C. §1125(d)(1)(A)(i).

20. As required by 15 U.S.C. § 1114(2)(D)(v), Plaintiff has given notice to Jagex of Plaintiff's intent to file an action to establish that Plaintiff's registration and use of the domain name, gold4rs.com, is not unlawful under the Anti-Cybersquatting Consumer Protection Act.

COUNT II
NON INFRINGEMENT UNDER 15 U.S.C. §1125

21. Plaintiff realleges and incorporates by reference herein paragraphs 1-20.

22. A dispute exists between Hao Chen and Jagex as to Plaintiff's right to register and use the gold4rs.com domain name. Accordingly, an actual and justifiable controversy exists between the parties.

23. The disputed domain name, gold4rs.com, is not likely to confuse customers as to source, sponsorship, or affiliation with, Jagex's RS Community Trademark.

24. Plaintiff is entitled to a Declaration and Judgment that Hao Chen's use of gold4rs.com does not infringe any trademark rights of Jagex.

## COUNT III
## DECLARATORY JUDGMENT

25. Plaintiff realleges and incorporates by reference herein paragraphs 1-24 above.

26. A dispute exists between Hao Chen and Jagex concerning Plaintiff's right to register and use the domain name gold4rs.com. As a consequence of this dispute, an actual and justifiable controversy exists between Plaintiff and Jagex.

## REQUESTED RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment:

A. Declaring that Hao Chen's registration and use of the disputed domains are not unlawful under the Act:

B. Declaring that Hao Chen is not required to transfer the registration for the disputed domains to Jagex;

C. Declaring that Hao Chen's use of the disputed domain name does not infringe the Defendant's RS Community Trademark rights;

D. Awarding Hao Chen its costs and attorneys' fees associated with this matter; and

E. Providing all such other and further relief as to the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues triable by a jury.

DATED: September 14, 2011.

Respectfully submitted,

s/Michael F. Campillo

Michael F. Campillo (Arizona Bar No. 019014)
docketing@vclmlaw.com
VENABLE, CAMPILLO, LOGAN & MEANEY, P.C.
1938 East Osborn Road
Phoenix, Arizona 85016
Telephone (602) 631-9100

- and -

BEUSSE WOLTER SANKS MORA & MAIRE, P.A.
Terry M. Sanks (Florida Bar No. 0154430)
Amber N. Davis (Florida Bar No. 0026628)
390 North Orange Avenue, Suite 2500
Orlando, Florida 32801
Telephone: (407) 926-7700
Facsimile: (407) 926-7720
tsanks@iplawfl.com
adavis@iplawfl.com

*Counsel for Plaintiff*